Exhibit A

# EXHIBIT A







**GENOVA BURNS LLC**
Rajiv D. Parikh, Esq. (032462005)
Matthew Baker, Esq. (053092013)
Thomas L. Bellifemine, Esq. (091392014)
Ryan E. Kotler, Esq. (335322021)
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777
*Attorneys for Plaintiff,*
*The Democratic Party of NJ, Inc., organized*
*as the New Jersey Democratic State Committee*

| | |
|---|---|
| THE DEMOCRATIC PARTY OF NJ, INC., *organized as the* NEW JERSEY DEMOCRATIC STATE COMMITTEE, <br><br> Plaintiff, <br><br> v. <br><br> JAMES DEVINE, LISA MCCORMICK, "NJDEMS.COM", ABC CORPORATION, *a fictitiously named printing company*, JOHN and JANE DOES 1-20, and XYZ CORPORATIONS 1-20, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY UNION COUNTY: LAW DIVISION <br><br> Docket No. UNN-L-_____-21 <br><br> CIVIL ACTION <br><br> **CERTIFICATION OF RAJIV D. PARIKH, ESQ.** |

I, Rajiv D. Parikh, Esq., of full age, hereby certify as follows:

1.      I am an attorney at law duly admitted to practice in the State of New Jersey and a Partner with the law firm of Genova Burns LLC, attorneys for plaintiff, The Democratic Party of NJ, Inc. *organized as the* New Jersey Democratic State Committee ("Plaintiff"), in the above-captioned action.  As such, I am familiar with the facts related to this matter.

2.      I submit this Certification in support of Plaintiff's Order to Show Cause with Preliminary and Temporary Restraints.

3.      A true and accurate copy of the unpublished decision of <u>Rumana v. Passaic</u> <u>Cnty. Republican Organization, Inc.</u>, No. C-49-09, 2009 WL 5873639 (N.J. Super. Ch. Apr. 24, 2009) is attached hereto as **Exhibit A** pursuant to <u>R.</u> 1:36-3, and Plaintiff is not aware of any other unpublished decisions contrary to its holding.

4.      A true and accurate copy of the unpublished decision of <u>Burlington Cnty.</u> <u>Republican Organization v. Carr</u>, OAL Dkt. Nos. ATG 2362-01 and ATG 2368-01, 2001 WL 566182 (N.J. Adm. May 7, 2001) is attached hereto as **Exhibit B** pursuant to <u>R.</u> 1:36-3, and Plaintiff is not aware of any other unpublished decisions contrary to its holding.

5.      A true and accurate copy of the unpublished decision of <u>Zimmer 2000</u> <u>Campaign v. Pappas</u>, OAL Dkt. No. ATG 2616-00, 2000 WL 502252 (N.J. Adm. Apr. 19, 2000) is attached hereto as **Exhibit C** pursuant to <u>R.</u> 1:36-3, and Plaintiff is not aware of any other unpublished decisions contrary to its holding.

I hereby certify that the foregoing statements made by me are true.  I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**GENOVA BURNS LLC**
*Attorneys for Plaintiff,*
*The Democratic Party of NJ, Inc., organized*
*as the New Jersey Democratic State Committee*

By:   */s/ Rajiv D. Parikh*
           RAJIV D. PARIKH

Dated:  October 21, 2021

# EXHIBIT A

2009 WL 5873639 (N.J.Super.Ch.) (Trial Order)
Superior Court of New Jersey, Chancery Division.
Passaic County

Scott RUMANA, as the statutory Chairman of Passaic County Regular Republican Organization
Inc., Passaic County Regular Republican Organization, Inc. a non profit corporation in the
State of New Jersey and the Republican statutory political party of Passaic County, Michael
Marotta, County wide candidate for Passaic County Board of Chosen Freeholders and John
Bleeker, candidate for Municipal/County Committee in the Borough of North Haledon
and current Vice Chair of the North Haledon Republican Municipal Committee, Plaintiffs,
v.
PASSAIC COUNTY REPUBLICAN ORGANIZATION, INC., A corporation in the State of New Jersey
and Michael G. Mecca, Jr.. ostensible Chairman of Passaic County Republican Organization, Inc., Gop
Strong, and Michael G. Mecca, Jr.. ostensible Chairman of Gop Strong, Michael G. Mecca, Jr., Campaign
Manager of Gop Strong/Passaic County Freeholder Candidates, Candidates for County Committee
in North Haledon, Antoinette(Toni) Ravo, Randy George, Patricia Catania, James J. Donelly, Denise
Donelly, Municipal Clerks of the Township of Wayne, Borough of North Haledon, City of Clifton,
Borough of Totowa, Borough of Woodland Park and Karen Brown, Passaic County Clerk, Defendants.

No. C-49-09.
April 24, 2009.

**Corrected Order to Show Cause**

Lawrence G. Tosi, Esq., Warren & Tosi, 125 Paterson Avenue, Little Falls, New Jersey 07424, (973) 256-8555, Attorneys for
Plaintiffs.

Margaret Mary McVeigh, Judge.

Civil Action

THIS MATTER being brought before the Court by McManimon & Scotland, LLC, attorneys for Plaintiffs, SCOTT RUMANA,
as the Statutory Chairman of Passaic County Regular Republican Organization Inc., PASSAIC COUNTY REGULAR
REPUBLICAN ORGANIZATION, INC. a non- profit corporation in the State of New Jersey and. the republican statutory
political party of Passaic County, MICHAEL MAROTTA, County wide candidate for Passaic County Board of Chosen
Freeholders and JOHN BLEEKER, candidate for Municipal/County Committee in the Borough of North Haledon and current
Vice Chair of the North Haledon Republican Municipal Committee (hereinafter, collectively "Plaintiffs"), seeking relief by
way of temporary restraints pursuant to *R.* 4:52, based upon the facts set froth in the verified complaint filed herewith; and it
appearing that immediate and irreparable damage will probably result before notice can be given and a hearing held for good
cause shown.

It is on this 24th day of April, 2009 ORDERED that Defendants, PASSAIC COUNTY REPUBLICAN ORGANIZATION,
INC., A corporation in the State of New Jersey and MICHAEL G. MECCA, JR.. ostensible Chairman of Passaic County
Republican Organization, Inc., GOP STRONG, and MICHAEL G. MECCA, JR.. ostensible Chairman of GOP STRONG,
MICHAEL G. MECCA, JR., Campaign Manager of GOP STRONG/Passaic County Freeholder Candidates, Candi dates for
County Committee in North Haledon, Antoinette(Toni) Ravo, Randy George, Patricia Catania, James J. Donelly, Denise
Donelly, Municipal Clerks of the Township of Wayne, Borough of North Haledon, City of Clifton, Borough of Totowa, Borough

UNN-L-003640-21   10/22/2021 12:18:56 AM  Pg 5 of 13 Trans ID: LCV20212459652
Case 2:22-cv-01268   Document 1-1   Filed 03/08/22   Page 9 of 96 PageID: 17

of Woodland Park and KAREN BROWN, Passaic County Clerk (hereinafter, collectively "Defendants"), shall be restrained and unjoined from:

> A. Using the designation of Passaic County Republican Organization, Inc. in the June 2, 2009 Passaic County Republican primary;

> B. Printing any ballots with the slogan designation of "Passaic County Republican Organization, Inc." for any candidate in Passaic County in the June 2, 2009 Passaic County Republican primary; Pending Continuation of the Mattin on Monday, April 27, 2009.

<<signature>>

J.S.C.

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT B

2001 WL 566182 (N.J. Adm.)

Office of Administrative Law

State of New Jersey

BURLINGTON COUNTY REPUBLICAN ORGANIZATION, Petitioner,

v.

MIKE CARR, CHARLES MILLER AND CAROL LOKAN-MOORE, Respondents.

**Office of Administrative Law**
OAL DKT. NOS. ATG 2362-01 and ATG 2368-01
(CONSOLIDATED)
Record Closed: April 30, 2001
Decided: May 7, 2001

**INITIAL DECISION**

**Anthony Drollas**, Esq., on behalf of petitioner (Capehart & Scatchard, attorneys)
**David E. Strand**, Esq., on behalf of respondents (Collier, Jacob & Mills, attorneys)

BEFORE **SOLOMON A. METZGER**, ALJ:

 *1  This consolidated matter arises under the Election Law, *N.J.S.A.* 19:23-17 and it was transmitted to the Office of Administrative Law by the Director of the Division of Elections, pursuant to *N.J.S.A.* 52:14B-1 to - 15. Oral argument was heard on April 25, 2001, and the record closed on April 30, 2001, with the receipt of post-hearing memoranda.

The facts are undisputed. Petitioner is the regular Burlington County Republican Organization, which has endorsed legislative candidates in the upcoming primary other than respondents. Petitioner challenges respondents' attempt to use the slogan "Burlington County GOP" on the ballot. A substantially similar case was heard in the OAL on April 18, 2001, *Burlington County Republican Party v. Shundler,* OAL Dkt. No. ATG 2271-01, (April 18, 2001). There gubernatorial candidate Brett Shundler was not permitted to use this slogan because, on the face of it, there was a real risk that voters would mistake him for the regular organization candidate. That view was upheld in a final agency decision of May 1, 2001.

The current matter does present a factual variation. On April 20, 2001 a certificate of incorporation was filed with the Department of the Treasury establishing the Burlington County GOP, Inc., as a non-profit corporation. The trustees of that corporation have bestowed upon respondents and Mr. Shundler the exclusive right to use this name as their slogan in the upcoming primary. Petitioner filed a certificate of incorporation later on the same day seeking to preempt this name, but no action had been taken on its filing as of the date of hearing and I have not since heard anything further. This is the substance of the record.

Respondents repeat the argument made in *Shundler,* to the effect that *N.J.S.A.* 19:23-17 does not address the question of voter confusion and that such a standard may not be grafted onto the statute. I do not agree. *N.J.S.A.* 19:23-17 lets a candidate use a slogan on the ballot that encapsulates acts or policies with which he is associated, or that distinguishes him as belonging to a particular segment of his party. In this way the candidate can differentiate himself from other candidates. Slogans that do not differentiate do not accomplish the legislative goal, which in the end is to inform voter choice. Slogans that muddy distinctions between parties and candidates are all the more to be avoided.

As the Attorney General made plain in his final decision in *Shundler,* the mere fact of incorporation does not change circumstances in the voting booth. It does not do to speculate overly, but the result in the future might be otherwise were the

WESTLAW   © 2021 Thomson Reuters. No claim to original U.S. Government Works.

**BURLINGTON COUNTY REPUBLICAN ORGANIZATION,..., 2001 WL 566182 (2001)**

Burlington County GOP, Inc., to develop into a distinct ongoing faction of its party. For the upcoming primary, however, the unsuspecting voter is unlikely to recognize candidates associated with the moniker "Burlington County GOP" as distinct from petitioner's candidates.

Based on the foregoing, it is my conclusion that respondents may not use the slogan, "Burlington County GOP."

**\*2**  I hereby **FILE** my initial decision with the **ATTORNEY GENERAL** for consideration.

This recommended decision may be adopted, modified or rejected by the **ATTORNEY GENERAL**, who by law is authorized to make a final decision in this matter. If the Attorney General does not adopt, modify or reject this decision within forty-five (45) days and unless such time limit is otherwise extended, this recommended decision shall become a final decision in accordance with *N.J.S.A.* 52:14B-10.

Any party may file exceptions with the **ATTORNEY GENERAL**, by facsimile transmission at (609) 292-3508 no later than 4:00 p.m. on the day of the hearing or within two (2) hours of the oral decision. A hard copy shall be mailed within twenty-four (24) hours of the facsimile transmission to the **ATTORNEY GENERAL, STATE OF NEW JERSEY, Hughes Justice Complex, 25 Market Street, 8th Floor, PO Box 080, Trenton, New Jersey 08625-0080**, marked "Attention: Exceptions." A copy of any exceptions must be sent to the judge and to the other parties.

**SOLOMON A. METZGER,** ALJ

<u>**List of Exhibits**</u>

<u>**For Petitioner**</u>**:**

None

<u>**For Respondent**</u>**:**

None

2001 WL 566182 (N.J. Adm.)

EXHIBIT C

2000 WL 502252 (N.J. Adm.)

Office of Administrative Law

State of New Jersey

ZIMMER 2000 CAMPAIGN, JOHN R. HOLUB, CAMPAIGN MANAGER, Petitioner,
v.
MICHAEL PAPPAS, Respondent.

**Office of Administrative Law**
OAL DKT. NO. ATG 2616-00
AGENCY DKT. NO. N/A
Record Closed: April 19, 2000
Decided: April 19, 2000

**INITIAL DECISION**

**Frederic J. Schragger**, Esq., for the petitioner
**John G. Cito, Esq.**, for the respondent

BEFORE **BEATRICE S. TYLUTKI**, ALJ:

**\*1**  The petitioner, **Zimmer 2000 Campaign, John R. Holub, Campaign Manager, challenges the use by the respondent, Michael Pappas of certain slogans on the republican primary ballots for the House of Representatives position from the Twelfth Congressional District.** The Twelfth Congressional District consists of all or part of the counties of Somerset, Monmouth, Mercer, Middlesex and Hunterdon. In his petition for nomination for the Republican Primary Election, Mr. Pappas requests the following slogans be placed on the primary ballots opposite his name:

| COUNTY | SLOGAN |
| ------ | ------ |
| Somerset | Somerset County Republican Committee |
| Monmouth | Monmouth County Republican Committee |
| Mercer | Mercer County Republican Committee |
| Middlesex | Middlesex County Republican Committee |
| Hunterdon | Hunterdon County Republican Committee |

[P-1]

The petitioner filed the challenge as to the slogans with the Division of Elections on April 17, 2000. The matter was referred to the Office of Administrative Law (OAL) on April 28, 2000. The parties were notified and the hearing took place on April 19, 2000. The record in the matter closed on April 19, 2000.

I will first discuss a number of procedural questions raised by John G. Cito, Esq., on behalf of the respondent. Mr. Cito argued that the OAL has no jurisdiction in this matter, citing *N.J.S.A.* 52:14B-9, and argued that the matter should be filed in the Superior

Court. Mr. Frederic J. Schragger, Esq., on behalf of the petitioner disagreed and argued that *N.J.S.A.* 52:14B-9 does not provide that the OAL does not have jurisdiction in this type of a case. I agree with Mr. Schragger's argument. It has been established that the Administrative Procedure Act does not create or delineate any substantive right to a hearing but only details the procedure to be followed where hearings are otherwise authorized by law, *Little Falls Township v. Bardin,* 173 *N.J. Super.* 397 (App. Div. 1979), *In re D'Aconti,* 316 *N.J. Super.* 1 (App. Div. 1998). In this matter, the petitioner has challenged the use of certain slogans on the primary ballots, and the Division of Elections has determined that the parties are entitled to a administrative hearing and has referred the matter to the OAL. Similar cases been handled by the OAL and decisions by administrative law judges have been reviewed by both the Superior Court and the New Jersey Supreme Court. See, *Lesniak v. Budzash,* 133 *N.J.* 1 (1993). I **CONCLUDE** that the respondent has not shown that the OAL does not have the jurisdiction to handle this matter.

**\*2**  Mr. Cito argued that the matter should be dismissed since the petitioner has not named two indispensable respondents, Angelo Carbone and Pierre Yanney. Mr. Carbone and Mr. Yanney have filed as republican candidates for the Middlesex Freeholder positions in the primary election and are running with Mr. Pappas. Mr. Carbone and Mr. Yanney have designated "Middlesex County Republican Committee" as their slogan for the primary and an objection as to their use of this slogan was filed by the Middlesex County Republican Organization and the Middlesex County Republican Committee with the Middlesex County Clerk (P-5). The Middlesex County Clerk has taken no position regarding the use of this slogan by Mr. Carbone and Yanney but recognized that legal action could be taken to prevent the use of the slogan (P-4). Mr. Cito argued that Mr. Yanney and Mr. Carbone are indispensable parties since they are running with Mr. Pappas (R-1, R-2). Mr. Schragger disagreed. I agree with Mr. Schragger. The petitioner has the right to challenge the use of the slogans by Mr. Pappas and I **CONCLUDE** that the use of the slogans by Mr. Pappas is the only issue in this matter. I **CONCLUDE** that neither Mr. Carbone or Mr. Yanney are indispensable parties.

Lastly, Mr. Cito stated that in Middlesex County, Mr. Pappas is running as a team with Mr. Carbone and Mr. Yanney, and argued that all three candidates should be allowed to use the same slogan. Since it appears that the two freeholder candidates will be able to use the slogan, Mr. Cito argued that it would be unfair to deny Mr. Pappas the right to use the slogan. As already stated, my jurisdiction is limited to Mr. Pappas's use of the slogan and I **CONCLUDE** that the use of the slogan by the freeholder candidates does not automatically foreclose a challenge to the use of the slogan by Mr. Pappas.

The pertinent statute regarding this matter provides:

> Any person indorsed as a candidate for nomination for any public office or party position whose name is to be voted for on the primary ticket of any political party, may, by indorsement on the petition of nomination in which he is indorsed, request that there be printed opposite his name on the primary ticket a designation, in not more than six words, as named by him in such petition, for the purpose of indicating either any official act or policy to which he is pledged on committed, or to distinguish him as belonging to a particular faction or wing of his political party; provided, however, that no such designation or slogan shall include or refer to the name of any person or any incorporated association of this State unless the written consent of such person or incorporated association of this State has been filed with the petition of nomination of such candidate or group of candidates. [*N.J.S.A.* 19:23-17]

Mr. Schragger argued that the respondent could not use the slogans in issue since he did not receive the endorsement at the republican conventions in the five counties and did not receive permission to use these slogans as required by the above cited statute.

**\*3**  Mr. Schragger argued that the use of the slogans in issue is deceptive and confusing since it would imply that Mr. Pappas was endorsed by the county republican committees of five counties. Mr. Schragger represented that the republican conventions

in these five counties endorsed Richard Zimmer. Mr. Schragger introduced into evidence a letter from the Somerset County Republican Executive Committee which authorizes Mr. Zimmer to be its candidate and to use the slogan of "The Somerset County Republican Organization"; a letter from the Monmouth County Republican Committee, Inc., which authorizes Mr. Zimmer to be its candidate and to use the slogan of "Regular Republican"; a letter from the Mercer County Republican Committee which authorizes Mr. Zimmer to be its candidate and to use the slogan of "Regular Organization Republican"; a letter from the Middlesex County Republican Organization, Inc. which authorizes Mr. Zimmer to be its candidate and to use the slogan of "Middlesex County Republican Organization"; and letter from the Hunterdon County Republican Committee which authorizes Mr. Zimmer to be its candidate and to use the slogan of "Hunterdon County Regular Republican Organization" (P-2).

Mr. Schragger argued that Mr. Pappas should be prohibited from using the slogans in issue and noted that Superior Court Judge Edward Beglin Jr., rendered a decision yesterday in a comparable Union County case. Judge Beglini prohibited Jim Florio from using the slogan "Union County Democratic Committee, Inc." In that matter, the Union County Democratic Committee endorsed Jon S. Corzine and Judge Beglin held that the use of the slogan by Mr. Florio would create public confusion and misunderstanding (P-3).

On behalf of the respondent, Mr. Cito argued that the use of the slogans in issue here would not create any confusion or misunderstanding since none of the official republican organizations involved in this matter use "County Republican Committee" as part of their slogans (P-3). Mr. Cito argued that this case is distinguishable from the recent decision as to the Florio Campaign since in the involved organization uses the slogan "Union County Republican Committee" and the slogan proposed by the Florio Campaign was so similar as to cause a confusion. Jack Grines, the campaign manager for Mr. Pappas, testified that the Pappas Committee had discussed what slogans to use and they selected the slogans in issue since they were aware that the involved organizations in this matter do not use "county republican committee" in their official slogans for the last several years. Mr. Grines stated that they wished to use slogans which indicated a support for Mr. Pappas and they felt that the slogans selected do not cause any confusion nor were they intended to imply that Mr. Pappas had received the official endorsement of the regular republican organizations of the five counties.

Having reviewed the testimony of the witness and the exhibits admitted into evidence, I **FIND** that a confusion will be created if Mr. Pappas is allowed to use the slogan of "County Republican Committee," prefaced by the appropriate county. The average voter seeing this slogan on the ballot would be confused as to its meaning and its use implies that the candidate has the official endorsement of the County Republican Committee. The term "county committee" is commonly used to refer to the official political party orgniazations in the various counties of the State. As to Monmouth County, the petitioner has presented a *prima facie* showing that the Monmouth County Republican Committee, Inc., is an incorporated committee and there is no indication in the record that Mr. Pappas has received permission to use its name and the use of the name without the "Inc." is close enough to cause a confusion to the average voter. Mercer County and Hunterdon County both use the County Republican Committee designation for its official name and the use of their name as a slogan will confuse the average voter as to whether Mr. Pappas has the endorsement of the organization. As to the other two counties, I recognize that their official names are slightly different; however, I **FIND** that a similar confusion will be created by the use of the slogans requested by Mr. Pappas.

 **\*4**  Although I **FIND** Mr. Grines to be a credible witness and I believe his testimony that the Pappas committee did not select the slogans in issue with the intent to confuse the voters, I **CONCLUDE** that the slogans in issue will create such a confusion. Therefore, I **ORDER** that Mr. Pappas not be allowed to use the slogan of "County Republican Committee," with the appropriate county designations, on the primary ballots.

I hereby **FILE** my initial decision with the **ATTORNEY GENERAL** for consideration.

This recommended decision may be adopted, modified or rejected by the **ATTORNEY GENERAL**, who by law is authorized to make a final decision in this matter. If the Attorney General does not adopt, modify or reject this decision within forty-five (45) days and unless such time limit is otherwise extended, this recommended decision shall become a final decision in accordance with *N.J.S.A.* 52:14B-10.

UNN-L-003640-21   10/22/2021 12:18:56 AM  Pg 13 of 13 Trans ID: LCV20212459652
Case 2:22-cv-01268   Document 1-1   Filed 03/08/22   Page 17 of 96 PageID: 25

Holub v. Pappas, 2000 WL 502252 (2000)

Any party may file exceptions with the **ATTORNEY GENERAL**, by facsimile transmission at (609) 292-3508 no later than 4:00 p.m. on the day of the hearing or within two (2) hours of the oral decision. A hard copy shall be mailed within twenty-four (24) hours of the facsimile transmission to the **ATTORNEY GENERAL, STATE OF NEW JERSEY, Hughes Justice Complex, 25 Market Street, 8th Floor, PO Box 080, Trenton, New Jersey 08625-0080**, marked "Attention: Exceptions." A copy of any exceptions must be sent to the judge and to the other parties.


**BEATRICE S. TYLUTKI**, ALJ

### EXHIBITS ADMITTED INTO EVIDENCE:

#### For the Petitioner:

P-1 The petition of nomination for the Primary Election, Republican Party for the Twelfth District House of Representative position, submitted by Michael Pappas

P-2 Letters from the Monmouth County Republican Committee, Inc., the Mercer County Republican Committee, the Middlesex County Republican Organization, Inc., and the Hunterdon County Republican Committee, and the Somerset County Republican Executive Committee

P-3 Newspaper article relating to a decision rendered by Superior Court Judge Edward Beglin Jr. as to a union county primary ballot case involving Jim Florio and Jon S. Corzine

P-4 Letter from the Middlesex County Clerk, dated April 18, 2000

P-5 Letter from the Middlesex County Clerk, dated April 18, 2000


#### For the Respondent:

R-1 Letter from Henry Przystup, dated April 17, 2000

R-2 Letter from Angelo Carbone and Pierre Yanney, dated April 16, 2000


### WITNESSES:

#### For the Petitioner:

None


#### For the Respondent:

Jack Grines

### 2000 WL 502252 (N.J. Adm.)

---

**End of Document**                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

**GENOVA BURNS LLC**
Rajiv D. Parikh, Esq. (032462005)
Matthew Baker, Esq. (053092013)
Thomas L. Bellifemine, Esq. (091392014)
Ryan E. Kotler, Esq. (335322021)
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777
*Attorneys for Plaintiff,*
*The Democratic Party of NJ, Inc., organized*
*as the New Jersey Democratic State Committee*

|  |  |
|---|---|
| THE DEMOCRATIC PARTY OF NJ, INC., *organized as the* NEW JERSEY DEMOCRATIC STATE COMMITTEE, <br><br> Plaintiff, <br><br> v. <br><br> JAMES DEVINE, LISA MCCORMICK, "NJDEMS.COM", ABC CORPORATION, *a fictiously named printing company*, JOHN and JANE DOES 1-20, and XYZ CORPORATIONS 1-20, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY UNION COUNTY: LAW DIVISION <br><br> Docket No. UNN-L-_____-21 <br><br> CIVIL ACTION <br><br> **ORDER TO SHOW CAUSE FOR TEMPORARY AND PRELIMINARY RESTRAINTS** |

This matter, having come before the Court on application of plaintiff, The Democratic Party of NJ, Inc. *organized as the* New Jersey State Democratic Committee ("NJDSC" or "Plaintiff"), by and through their counsel, Genova Burns, LLC, seeking Temporary and Preliminary Restraints pursuant Rule 4:52-1(a) against defendants, James Devine ("Devine"), Lisa McCormick ("McCormick"), "NJDEMS.Com", ABC Corporation, *a fictiously named printing company*, John and Jane Does 1-20, and XYZ Corporations 1-20 (collectively "Defendants"); and

based on the Verified Complaint and Supporting Brief; and the arguments of counsel; and for good cause shown,

**IT IS**, on this _____ day of October, 2021, **ORDERED** as follows:

Defendants shall appear and show cause before the Superior Court of New Jersey, Law Division, _____,

on the day of _____ , 2021, at __o'clock am / pm, or as soon thereafter as counsel can be heard why an Order should not be issued preliminarily enjoining and restraining the Defendants:

A. From creating and publishing or transmitting any additional political flyers, communications or advertisements which include or imply endorsement or authorization by the NJDSC;

B. From creating and publishing or transmitting any additional political flyers, communications or advertisements which could have the effect of confusing the general public, including voters of the State of New Jersey, as to the origin of such political communication;

C. From creating and publishing or transmitting any additional political flyers, communications or advertisements which contain or identify any Democratic Party candidates for office in the November 2021 General Election without the express written authorization of those specific candidates;

D. From publishing any content on NJDEMS.com that claims affiliation with or authorization of the NJDSC; and

E. From redirecting NJDEMS.com to any other website.

and it is further,

**ORDERED** that pending the return date herein, Defendants are hereby **TEMPORARILY RESTRAINED and ENJOINED** from:

A.  From creating and publishing or transmitting any political flyers, communications or advertisements which include or imply endorsement or authorization by the NJDSC;

B.  From creating and publishing or transmitting any additional political flyers, communications or advertisements which could have the effect of confusing the general public, including voters of the State of New Jersey, as to the origin of such political communication;

C.  From creating and publishing or transmitting any additional political flyers, communications or advertisements which contain or identify any Democratic Party candidates for office in the November 2021 General Election without the express written authorization of those specific candidates;

and it is further

**ORDERED** that pending the return date herein, the domain hosting company for NJDEMS.com, is **IMMEDIATELY ORDERED TO REMOVE ANY CONTENT OR REDIRECTION OF NJDEMS.COM** until further order of this Court; and it is further

**ORDERED** that Plaintiff's request for **EXPEDITED DISCOVERY is HEREBY GRANTED**, and Plaintiff shall be permitted to issue subpoenas returnable within three (3) days from service, conduct depositions on three (3) days notice, and serve document requests requiring responses within three (3) days of service, to:  (a) identify the publishing company responsible for the mailer at issue, (b) identify of all owners of NJDEMS.com, (c) obtain any discovery regarding the content, creation, modification or alteration of NJDEMS.com, (d)  identify the source of funds used to disseminate the mailer, (e) obtain documents and information relevant to the creation of

the mailer from any person, including but not limited to those whose name, image or likeness appears on the mailer, and (f) obtain any other discoverable material that is reasonably calculated to discovery evidence related to the emergent relief sought herein; and it is further

**ORDERED** that:

1.      A copy of this Order to Show Cause, Verified Complaint, and Brief shall be served on Defendants or their attorney, either personally at their last known business address, or by electronic and regular mail, or personal service, no later than _____ days of receipt of this Order to Show cause by counsel, in accordance with R. 4:4-3 and R 4:4-4, this being original process.

2.      Plaintiffs must file with the Court their proof of service of the pleadings on Defendants no later than three days (3) days before the return date.

3.      Defendants shall file and serve a written response to this Order to Show Cause by _____, 2021. The responsive papers must be filed with the Clerk of the Superior Court, Union County. A directory of these offices is available in the Civil Division Management Office in the county listed above and online at njcourts.gov/forms/10153_deptyclerklawref.pdf. You must send a copy of your opposition papers   directly   to   Judge   _____,   whose   address   is _____, New Jersey. You must also send a copy of your opposition papers to the plaintiff's attorney whose name and address appears above. A telephone call will not protect your rights; you must file your opposition and pay the required fee of $ _____ and serve your opposition on your adversary, if you want the court to hear your opposition to the injunctive relief the plaintiff is seeking.

4.      The plaintiff must file and serve any written reply to the defendant's order to show cause opposition by _____, 2021. The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent directly to the chambers of the Judge identified above.

5.      If Defendants do not file and serve opposition to this Order to Show Cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that Plaintiffs file a proof of service and a proposed form of Order at least three (3) days prior to the return date.

6.      If Plaintiffs have not already done so, a proposed form of order addressing the relief sought on the return date must be submitted to the Court no later than three (3) days before the return date.

7.      Defendants, take notice that Plaintiffs have filed a lawsuit against you in the Superior Court of New Jersey. The Verified Complaint attached to this Order to Show Cause states the basis of the lawsuit. If you dispute this Complaint, you, or your attorney, must file a written answer, an answering affidavit or a motion returnable on the return date to the order to show cause and proof of service before the return date of the order to show cause. These documents must be filed with the Clerk of the Superior Court in the county listed above. A director of these offices is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.  Include a $175.00 filing fee payable to the "Treasury State of New Jersey". You must also send a copy of your answer, answering affidavit or motion to the plaintiff's attorney whose name and address appear above. A telephone call will not protect your rights; you must file and serve

your answer, answering affidavit or motion with the fee, or judgment may be entered against you by default.

8.      If you cannot afford an attorney, you may call the Legal Services office in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNY-LAW (1888-576-5529). If you do not have an attorney and are not eligible for free legal assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A Director with contact information for your local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in     the     county     listed     above     and     online     at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

9.      The Court will entertain argument, but not testimony, on the return date of the Order to Show Cause, unless the Court and the parties are advised to the contrary no later than days before the return date.

_____

J.S.C.

15302634v1 (23029.005)

# EXHIBIT B

Interested in domain names? <u>Click here</u> (http://www.us3.list-manage.com/subscribe?
u=3ed33822580891424c5756387&id=6c90d905a5) to stay up to date with domain name news and promotions at
Name.com

**njdems.com** is already registered. Interested in buying it? **Make an Offer**

(https://domainagents.com/njdems.com-whodot)



| **.com** | **.net** | **.org** | **.co** |
|---|---|---|---|
| Taken | Taken | Taken | Taken |

| **.io**<br>$29.99 | **.app**<br>$16.99 | **.live**<br>$2.99 |
|---|---|---|
| Available | Available | Available |

Purchase Selected Domains

# njdems.com

whois information

| Whois (/whois/njdems.com) | DNS Records (/dns/njdems.com) | Diagnostics (/tools/njdems.com) |
|---|---|---|

cache expires in 17 hours, 14 minutes and 45 seconds
↻ refresh (/whois/njdems.com?forceRefresh=9db4fa0157f155dcd78a1646f3fe0304151ec6a3012ddb01d233fb10af5a67c9)

## Registrar Info

Name
Domain.com, LLC

Whois Server
whois.domain.com

Referral URL
www.domain.com

Status
ok https://icann.org/epp#ok

## Important Dates

Expires On
2022-03-20

Registered On
2009-03-20

Updated On
2021-09-03

## Name Servers

ns6373.hostgator.com (/nameserver/ns6373.hostgator.com)
192.254.189.215 (/whois-ip/ip-address/192.254.189.215)

ns6374.hostgator.com (/nameserver/ns6374.hostgator.com)
192.254.189.216 (/whois-ip/ip-address/192.254.189.216)

## Similar Domains

njdem.com (/whois/njdem.com) | njdem.org (/whois/njdem.org) | njdemain.com (/whois/njdemain.com) |
njdemanda.com (/whois/njdemanda.com) | njdemarco.net (/whois/njdemarco.net) | njdemei.cn
(/whois/njdemei.cn) | njdemei.com (/whois/njdemei.com) | njdemei.net (/whois/njdemei.net) | njdemeisi.com
(/whois/njdemeisi.com) | njdemen.com (/whois/njdemen.com) | njdementiaguide.com
(/whois/njdementiaguide.com) | njdemo.com (/whois/njdemo.com) | njdemocracy.com
(/whois/njdemocracy.com) | njdemocrat.com (/whois/njdemocrat.com) | njdemocrat.org
(/whois/njdemocrat.org) | njdemocraticfuture.com (/whois/njdemocraticfuture.com) | njdemocrats.com
(/whois/njdemocrats.com) | njdemocrats.org (/whois/njdemocrats.org) | njdemographics.com
(/whois/njdemographics.com) | njdemoke.com (/whois/njdemoke.com) |

## Registrar Data

We will display stored WHOIS data for up to 30 days.

↻ refresh (/whois/njdems.com?forceRefresh=9db4fa0157f155dcd78a1646f3fe0304151ec6a3012ddb01d233fb10af5a67c9)

🔒 Make Private Now (/whois/privacy/njdems.com)

**Registrant Contact Information:**
**Name**
REDACTED FOR PRIVACY
**Organization**
REDACTED FOR PRIVACY
**Address**
REDACTED FOR PRIVACY
**City**
REDACTED FOR PRIVACY
**State / Province**
NJ
**Postal Code**
REDACTED FOR PRIVACY
**Country**
US
**Phone**
REDACTED FOR PRIVACY

**Fax**
REDACTED FOR PRIVACY
**Email**
https://tieredaccess.com/contact/10d4ef72-2287-46d7-b4c9-c7e095ff3c12

**Administrative Contact Information:**
**Name**
REDACTED FOR PRIVACY
**Organization**
REDACTED FOR PRIVACY
**Address**
REDACTED FOR PRIVACY
**City**
REDACTED FOR PRIVACY
**State / Province**
NJ
**Postal Code**
REDACTED FOR PRIVACY
**Country**
US
**Phone**
REDACTED FOR PRIVACY
**Fax**
REDACTED FOR PRIVACY
**Email**
https://tieredaccess.com/contact/10d4ef72-2287-46d7-b4c9-c7e095ff3c12

**Technical Contact Information:**
**Name**
REDACTED FOR PRIVACY
**Organization**
REDACTED FOR PRIVACY
**Address**
REDACTED FOR PRIVACY
**City**
REDACTED FOR PRIVACY
**State / Province**
NJ
**Postal Code**
REDACTED FOR PRIVACY
**Country**
US
**Phone**
REDACTED FOR PRIVACY
**Fax**
REDACTED FOR PRIVACY
**Email**
https://tieredaccess.com/contact/10d4ef72-2287-46d7-b4c9-c7e095ff3c12

Information Updated: 2021-10-21 09:34:03

Use promo code WHOIS to save 15% on your first Name.com order.
(https://www.name.com/redirect/whodotis/sidebar-top)

UNN-L-003640-21   10/22/2021 12:18:56 AM   Pg 5 of 6 Trans ID: LCV20212459652
Case 2:22-cv-01268   Document 1-1   Filed 03/08/22   Page 28 of 96 PageID: 36

Find the perfect domain at

**Name.com**

(https://www.name.com/redirect/whodotis/sidebar-top)



(https://www.name.com/redirect/whodotis/sidebar-middle)

UNN-L-003640-21   10/22/2021 12:18:56 AM  Pg 6 of 6 Trans ID: LCV20212459652
Case 2:22-cv-01268   Document 1-1   Filed 03/08/22   Page 29 of 96 PageID: 37

Site Status

Status
Inactive

Server Type


Suggested Domains for njdems.com

☐ njd-ems.live

  $2.99

☐ njdem.live

  $2.99

☐ njd-ems.com

  $9.99

☐ njdrescue.com

  $9.99

☐ njd-em.com

  $9.99

[ Purchase Selected Domains ]

Use promo code WHOIS to save 15% on your first Name.com order.
(https://www.name.com/redirect/whodotis/sidebar-bottom)

Find the perfect domain at
**Name.com**
                                        (https://www.name.com/redirect/whodotis/sidebar-

bottom)

---

Transfers (https://www.name.com/domain-transfer)    Premium Domains
(https://www.name.com/premium_domains)    Web Hosting (https://www.name.com/purchase/hosting)    Website
Builder (https://www.name.com/website-builder)    Contact Us (/contact)    FAQs (/faq)   Terms of Service (/terms)

**GENOVA BURNS LLC**
Rajiv D. Parikh, Esq. (032462005)
Matthew Baker, Esq. (053092013)
Thomas L. Bellifemine, Esq. (091392014)
Ryan E. Kotler, Esq. (335322021)
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777
*Attorneys for Plaintiff,*
*The Democratic Party of NJ, Inc., organized*
*as the New Jersey Democratic State Committee*

| | |
|---|---|
| THE DEMOCRATIC PARTY OF NJ, INC., *organized as the* NEW JERSEY DEMOCRATIC STATE COMMITTEE,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DEVINE, LISA MCCORMICK, "NJDEMS.COM", ABC CORPORATION, *a fictitiously named printing company*, JOHN and JANE DOES 1-20, and XYZ CORPORATIONS 1-20,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY UNION COUNTY: LAW DIVISION<br><br>Docket No. UNN-L-_____-21<br><br>CIVIL ACTION<br><br>**VERIFIED COMPLAINT** |

Plaintiff The Democratic Party of NJ, Inc., organized as the New Jersey Democratic State Committee (the "NJDSC" or "Plaintiff"), on behalf of itself and all eligible voters of New Jersey, submits this Verified Complaint against defendants James Devine ("Devine"), Lisa McCormick ("McCormick"), "NJDEMS.com", ABC Corporation, a fictitiously named printing company, John and Jane Does 1-20, and XYZ Corporations (collectively "Defendants"), and states as follows:

## NATURE OF THE ACTION

1.      This action is brought by Plaintiff on behalf of itself and the voters of New Jersey, to enjoin Defendants from continuing their recent campaign of conduct—undertaken after the start of the mail-in voting period for the upcoming election, and mere days before the beginning of in-person voting—of making misleading and confusing misrepresentations to voters via unsolicited mailings which: (a) purport to be (but are not) endorsed by the "New Jersey Democratic Party," (b) endorse certain candidates for the upcoming election, and (c) direct recipients of the mailings to "NJDEMS.com," a website owned and operated by Defendants with a domain name virtually identical to Plaintiff's "NJDEMS.org," in an attempt to deceive voters into believing that the candidates endorsed or supported by Defendants are actually endorsed or supported by Plaintiff or candidates selected as party nominees in Plaintiff's primary election.

2.      In furtherance of their unscrupulous and deceptive scheme to mislead New Jersey voters, Defendants violated multiple state laws, including but not limited to several campaign finance violations and election interference prohibitions.

3.      These provisions of Title 19 have both civil and criminal penalties that may be imposed for violations.

4.      In creating and distributing the intentionally misleading and fraudulent mailing (the "Deceptive Mailer") (attached hereto as Exhibit A), Defendants acted in concert to willfully, maliciously, and unlawfully confuse and deceive voters into believing that Plaintiff endorses certain candidates for upcoming elections that Plaintiff does not actually endorse, or in any way, shape, or form support, for political office.

5.    Indeed, the candidates referenced on the Deceptive Mailer appear to be running in a "School Election", as that term is defined in Title 19, in which candidates are not permitted to run with a political party.

6.    Defendants' fraudulent and illegal conduct also conceals and misrepresents their political expenditures, in violation of New Jersey election and campaign finance laws.

7.    These malicious acts have caused harm to Plaintiff and the voters of New Jersey by creating confusion among voters as to who Plaintiff—as the sole statewide committee representing the Democratic Party—actually endorses for political office, and will continue to cause immediate and irreparable harm to Plaintiff and the voters of New Jersey unless Defendants are enjoined and permanently prohibited from distributing further fraudulent and misleading communications with the purpose of deceiving the voters into believing the communications are being made by Plaintiff.

## THE PARTIES

8.    Plaintiff is the New Jersey Democratic Party organized as the sole statewide party committee authorized to represent Democrats in New Jersey pursuant to state law.  See N.J.S.A. 19:5-4.

9.    Upon information and belief, James Devine is a resident and citizen of the State of New Jersey who, upon information and belief has an official residence at 118 Skillman Street, West Amwell, New Jersey, 08530, and upon further information and belief, is co-owner and operator of the website NJDEMS.com.

10.    Upon information and belief, Lisa McCormick is a resident and citizen of the State of New Jersey who, upon information and belief has an official residence at 118

Skillman Street, West Amwell, New Jersey, 08530, and upon further information and belief, is co-owner and operator of the website NJDEMS.com.

11.    Upon information and belief, Devine and McCormick are domestic partners and have directed that court proceeding related correspondence be sent to the aforementioned address.

12.    Upon information and belief, NJDEMS.com is a website which was registered on March 20, 2009. New Jersey is listed as the home state under "Registrant Contact Information." (See Exhibit B, attached hereto).

13.    Upon information and belief, NJDEMS.com is owned and operated by Devine and McCormick, and purports to be the website for the "Democratic Party of NJ." Attached hereto as Exhibit 3 are true and correct printouts of NJDEMS.com.[1]

14.    While the current ownership registration of NJDEMS.com is concealed by a proxy entity, Devine was publicly listed as the domain name owner previously.

15.    As set forth on the Deceptive Mailer, NJDEMS.com, acting in concert, and agreement, with the other Defendants, is responsible for commissioning the printing and distribution.

16.    John Does 1-20 are anonymous individuals who, acting in concert, and agreement, with NJDEMS.com, Devine, and McCormick, contributed financially to Defendants, designed the Deceptive Mailer, and/or caused the Deceptive Mailer to be printed and mailed to Union County, New Jersey residents.

---

[1] Exhibit C, attached hereto, contains three images – the first is a printout of the webpage you are redirected to after entering NJDEMS.com (as of October 21, 2021) into a web-browser – tellingly you are redirected to lisamccormick.org, which is a website previously used by Lisa McCormick for her prior campaigns for public office. The second image is a screenshot of NJDEMS.com from an Internet Archive site dated October 21, 2020 which shows a site design that appears intended to confusing viewers that it is the official website of the New Jersey Democratic Party. See Exhibit C.

17.     ABC Corporations 1-20 are anonymous corporate entities who, acting in concert, and agreement, with the other Defendants, caused the subject Deceptive Mailer to be printed and mailed to Union County, New Jersey residents.

18.     XYZ Printing Company 1 (an entity whose identity is currently unknown to Plaintiff) is a printing company that caused the Deceptive Mailer to be printed in order for it to be mailed to Union County, New Jersey residents and voters.

## JURISDICTION AND VENUE

19.     Venue is proper in Union County pursuant to <u>Rule</u> 4:3-2(a)(3) because the cause of action arose in Union County.

20.     The Superior Court has jurisdiction over this matter because Plaintiff and Defendants reside and/or transact business in the State of New Jersey, and the events and occurrences that give rise to this action transpired and/or were transacted in the State of New Jersey.

## FACTS

**A.  Plaintiff's Role Within the Political Landscape of New Jersey**

21.     NJDSC is the sole statewide committee authorized to represent the Democratic party in New Jersey pursuant to state law.  <u>See</u> N.J.S.A. 19:5-4. As the official state committee for the Democratic party in New Jersey, NJDSC is tasked with maintaining the "political organization and management of the Democratic Party with the State." This includes setting the party's standards, ideologies, and preferences to maintain the unity of the party throughout the state and give voters a clear depiction of who the party is, what it stands for, and who its standard bearers are.

22.     It is well-established that New Jersey, and indeed every state, has an undeniable interest in maintaining the integrity of its electoral processes, which includes ensuring that voters are not misled or confused as to which party a candidate for political office is associated with or endorsed by.

23.     As part of its statutorily-granted authority, NJDSC owns, maintains, and operates the website njdems.**org**. (emphasis added).

24.     Through njdems.org, as well as several other avenues of communication, NJDSC has endorsed certain Democratic candidates for political office in the upcoming election cycle.

**B.  Organization of State Committees and Political Expenditures**

25.     The formation of state committees is strictly regulated by state law, and NJDSC is the sole statewide committee authorized to represent the Democratic party pursuant to the mandates of N.J.S.A. 19:5-4.

26.     Further, compliance with campaign finance laws is governed by the New Jersey Election Law Enforcement Commission ("ELEC").

27.     The laws that ELEC is tasked with administering include regulations concerning the public reporting and disclaiming of political expenditures.

28.     These laws were implemented by the Legislature to protect the state's well-established and longstanding interest in the integrity of its election process by ensuring that voters are fully aware of the identities of parties expending funds in support of candidates for political office.

29.     In furtherance of this interest, the legislature has provided that "[a]ny person who purposely and with intent to conceal or misrepresent contributions given or

received or expenditures made or incurred to aid or promote the nomination, election or

defeat of any candidate for public office . . . is guilty of a crime of the fourth degree."

N.J.S.A. 19:44A-21(a).

    C.  **The Deceptive Mailer's Contents**

    30.    The Deceptive Mailer was received by Union County, New Jersey

residents on or about October 20, 2021.

    31.    Upon information and belief, the New Jersey residents who received the

Deceptive Mailer are concentrated in the Borough of Roselle.

    32.    The Deceptive Mailer is an approximately 8 ½ by 11 in. piece of high

gloss card-stock paper which contains on one side, a picture of Governor Murphy and Lt.

Governor Sheila Oliver – Plaintiff's nominated candidates for the offices of Governor

and Lt. Governor – situated below pictures of a number of purported Democratic party

officials or candidates. The picture of the Governor and Lt. Governor is also situated next

to a large picture of the three candidates running for the Board of Education: Gisselle

Bond, Yessica Chavez, and France Cortez. See Exhibit A.

    33.    None of the candidates for Board of Education pictured on the Deceptive

Mailer next to the Governor and Lt. Governor are endorsed by or supported by the

NJDSC, as they are running in a School Election. Id.

    34.    At the bottom of this page, in very small print, appear the terms: "Paid for

by NJDEMS.COM"; "New Jersey Democratic Party"; and "Not authorized by any

candidate or committee." Id.

    35.    The reverse side of the page contains the following messages and

endorsements: "Please be sure to vote column 1 for school board & column A all the way

from Governor on Down!"; "Gisselle Bond, Yessica Chavez, & France Cortez are the best candidates for Roselle Schools!"; and "We have a historic opportunity to build a _stronger, fairer_, brighter _future_ for the children of Roselle." Id. (emphases added).

36.     This same side also contains an image of a "Column A" situated under a picture of the Governor and Lt. Governor, and an image of a "Column 1" next to pictures of Bond, Chavez, and Cortez. Id.

37.     Notably, the Deceptive Mailer does not contain a return address for NJDEMS.com or any other entity.

### D. **The Deceptive Mailer Violates New Jersey Election and Campaign Finance Laws**

38.     The Deceptive Mailer was not sent by the NJDSC or authorized to be sent by the NJDSC, but rather by Defendants under the banner of NJDEMS.com.

39.     Upon information and belief, the Deceptive Mailer was created and distributed at the direction of Devine and McCormick on behalf of NJDEMS.com, with the support of the other unidentified Defendants, and through the ABC Corporation Defendant who printed it.

40.     Because NJDEMS.com is not and cannot be an official state committee established under N.J.S.A. 19:5-4, the funds expended by Defendants in connection with its creation and distribution of the Deceptive Mailer constitute non-party, independent committee expenditures for purposes of New Jersey campaign finance law.

41.     To the extent that NJDEMS.com/Defendants raise money for the purposes of making such expenditures (i.e. commissioning the creation and distribution/mailing of the Deceptive Mailer), the entity is required to register with ELEC as a continuing political committee if it is raising money and making expenditures in connection with

New Jersey elections on a regular basis (see N.J.A.C. 19:25-4.5), or as a political committee if the entity is raising contributions and making expenditures on a per-election basis (see N.J.A.C. 19:25-4.4).

42.     Upon information and belief, neither NJDEMS.com, nor any of the other Defendants, have properly registered pursuant to N.J.A.C. 19:25-4.4 or 19:25-4.5.

43.     Further, regardless of whether NJDEMS.com is raising money for the purposes of making political expenditures, it is nonetheless required to file reports with ELEC on a pre-election basis to disclose the details of its independent spending. See N.J.A.C. 19:25-12.8 and 12.8A.

44.     The Deceptive Mailer arrived in mailboxes on or about October 20, 2021, which means that the expenditures were likely made in the 11-day pre-election reporting period which concluded on October 19, 2021.

45.     Upon information and belief, no reports were filed on any Defendants' behalf documenting these independent campaign expenditures.

46.     Further, the law requires political flyers to include specific "paid for by" language to make clear to the public the identities of parties paying for specific political advertisements or flyers. See N.J.A.C. 19:25-13.3; see also ELEC Compliance Manual for Candidates, at pg. 35 ("All candidates and committees subject to the Act are required to label all political communications with a political identification statement ('paid for by' language)").

47.     Specifically, New Jersey campaign finance law requires that a political advertisement funded by an independent expenditure include the following "paid for by" language: "Paid for by John Doe, 1234 Main Street, Anytown, New Jersey. This

expenditure was not made with the cooperation or prior consent of, or in consultation with, or at the request or suggestion of, any candidate, or person or committee acting on behalf of the candidate." N.J.A.C. 19:25-13.3.

48.     However, as clearly evidenced by Exhibit A, the Deceptive Mailer was created and distributed in direct contravention of these financing laws, as it is wholly devoid of the majority of the statutorily-required "paid for by" verbiage, indicating only that it was "Paid for by NJDEMS.com" and made independently of any candidate or committee.

49.     In this case, not only are Defendants intentionally misleading the voters by deceptively purporting to distribute its advertisements endorsing specific candidates on behalf of "The Democratic Party of NJ," but NJDEMS.com has also failed entirely to comply with New Jersey campaign finance laws which are intended to protect the integrity of elections within the state, and which mandate that entities active in contributing funds towards political campaigns file timely reports with ELEC to remove any doubt from the minds of the voters as to which entities are funding and distributing advertisements on behalf of specific candidates for political office.

50.     Further, by maintaining a website with a domain name almost identical to that of Plaintiff, and referencing this website on the Deceptive Mailer, Defendants evidence their clear intent to deceive the voters of this state, to mislead them into believing that the funds expended in connection with the creation and distribution of the Deceptive Mailer were contributed by Plaintiff, and to conceal Defendants' identity as the entity behind these advertisements.

**E. Devine and McCormick Have a History of Misleading New Jersey Voters**

51.    Devine and McCormick have an extensive history of deceitful, fraudulent, and illegal behavior directed towards New Jersey voters that is strikingly similar—and in some ways nearly identical—to the acts complained of herein.

52.    For over fifteen years, Devine and McCormick have misled voters by creating disreputable websites, submitting invalid nomination petitions, broadly transmitting spoofed emails, propagating fake endorsements of candidates for public office, and failing to disclose campaign donations and expenditures, in direct and blatant violation of New Jersey and federal law.

53.    Specifically, between 2005 and 2010, ELEC found that the Political Action Committee Central Jersey Democratic Leadership Committee ("CJDLC"), run by McCormick and chaired by Devine, failed to file campaign contributions and expenditures reports.[2] As a result, ELEC fined CJDLC over $120,000 for multiple campaign finance violations.[3]

54.    Despite their obvious knowledge of New Jersey's campaign contribution filing requirements, McCormick and Devine have nevertheless repeated this illegal activity during the current election cycle.

55.    Additionally, in 2006, Devine's Publishing Company[4], Devine Media Enterprises, was found to have overcharged clients for running legal notices of tax sales in their newspapers.[5] At the time, Devine was being paid $35,000 per year to do public

---

[2] https://newjerseyglobe.com/section-2/mccormick-campaign-manager-fined-120000-for-campaign-finance-violation/
[3] Id.
[4] http://wikibin.org/articles/njtoday.net.html
[5] https://newjerseyglobe.com/local/linden-ready-to-pull-devine-pr-contract/

relations work for Rahway. Devine was also accused of overcharging the Rahway Board of Education for legal notices.[6]

56.    In    2011,    Devine    created    a    webpage    on    his    website, Democratsforchange.net,  on  behalf  of  Carmen  Southward, an  administrator  in  the Elizabeth  public  school  system.  The  webpage  link  that  came  up  was  titled  "Carmen Southward  for  State  Legislature"  and  included  her  photo  and  a  short  biography. Southward  had  no  knowledge  of  Devine's  use  of  her  image  and  biography,  and  the webpage was subsequently taken down.[7]

57.    McCormick  has  also  been  a  perennial  democratic  candidate.  During  her three  successive  campaigns  for  public  office – Senate  in  2018,  Union  County  Surrogate in  2019,  and  House  of  Representatives  in  2020 – McCormick  has  not  disclosed  a  single contributor  or  expenditure.  In  her  2018  Senate  campaign,  McCormick  filed  applications for  official  credentials  for  election  day  challengers  that  were  likely  not  legitimate.  For example,  one  purported  challenger  for  McCormick  passed  away  a  month  before McCormick  filed  the  official  applications,  and  another  did  not  live  in  New  Jersey.[8] Additionally,  many  of  McCormick's  challengers  were  supporters  of  her  opponent.[9]

58.    When  McCormick  ran  for  Union  County  Surrogate  in  2019,  she  flaunted an  endorsement  of  her  Social  Security  rescue  plan  from  former  U.S.  Secretary  of  Labor Robert  Reich  in  an  email  that  he  purportedly  transmitted.  Reich  denied  ever  endorsing

---

[6] Id.
[7] https://www.nj.com/njv_auditor/2011/02/carmen_southward_is_she_runnin.html
[8] https://newjerseyglobe.com/congress/mccormick-files-suspect-challengers-across-state/
[9] Id.

McCormick. Indeed, Reich is publicly quoted as stating that "I have no record of sending this email or making this endorsement."[10]

59.     In McCormick's 2020 primary against United States Representative Bonnie Watson Coleman, Watson Coleman accused McCormick of "offensive, improper, and potentially illegal campaign tactics" as part of a "conspiracy to deceive the public."[11] Indeed, there were public allegations that McCormick's campaign had violated federal and state election laws by creating "several fake websites, email accounts and virtual personas in an attempt to smear" Watson Coleman and others. Specifically, they accused McCormick of creating BonnieWatsonColeman.org. The Daily Princetonian obtained five emails sent from the account info@bonniewatsoncoleman.org, several of which used the Watson Coleman campaign logo and included a link to the Congresswoman's House website. One of the emails had the subject line "Don't buy from Jews," accompanied by an official Watson Coleman campaign logo.[12] Although the website was not confirmed to have been owned by McCormick or Devine (McCormick did tweet the website link six times), this would not have been the first time they were associated with anti-Semitic remarks.

60.     On May 28, 2019, Devine sent an email to former Union County Freeholder Daniel Sullivan with the subject line "Do Column A pay kikes make Daniel angry?"[13]

---

[10] https://newjerseyglobe.com/governor/ex-u-s-labor-secretary-says-he-didnt-back-mccormick-social-security-plan/
[11] https://www.dailyprincetonian.com/article/2020/07/watson-coleman-mccormick-conspiracy-to-deceive-public-primary-election-legal-dispute
[12] https://www.dailyprincetonian.com/article/2020/07/watson-coleman-mccormick-conspiracy-to-deceive-public-primary-election-legal-dispute
[13] https://newjerseyglobe.com/local/scutari-blasts-devine-for-anti-semitic-e-mail/

61. In 2021, McCormick was disqualified from appearing on the 2021 Democratic gubernatorial primary ballot because she filed fake signatures. On April 13, 2021, after an evidentiary hearing, Judge Jefferey N. Rabin made findings of fact regarding McCormick's submission of over 1,000 petition signatures for the office of Governor for the statewide Democratic primary election ballot.[14]

62. McCormick was found to have used a computer mail merge program to create fraudulent electronic signatures.[15] One of the voters had the phrase "First Name Middle Name Last Name" that appeared on all three of the name lines.[16] Furthermore, in the line where the voter is supposed to type in his or her home address, the field "city" and the state of "NJ" were separated by three or four extra spaces on every single voter, a sign that the information had been inserted by a mail merge program.[17] One of the voters had the first name and digital signature of "Jose8."

63. Each of McCormick's 1,951 signature pages was signed the exact same way, in the exact same font, and not one voter opted to use any name other than their full name for their signature.[18] Finally, at least two of McCormick's signatures came from voters who died prior to the date they allegedly signed the forms.[19]

64. Purported signatories testified under oath before Judge Rabin that they did not sign the petition, nor did they authorize that their name be used on the petition.

65. As a result of Judge Rabin's decision, the Secretary of State referred the matter to the Office of the Attorney General for investigation.

---

[14] https://38golu1f1ik01c9tej2um08s-wpengine.netdna-ssl.com/wp-content/uploads/2021/04/McCormick-ALJ.pdf
[15] Id at 6.
[16] Id. at 4.
[17] Id.
[18] Id.
[19] Id at 7.

66.     Also in 2021, West Amwell construction code officials issued a total of ten summonses to McCormick and Devine for "failure to obtain a certificate of occupancy and failing to comply with violation notices connected to a West Amwell house they purchased in August 2019 for $52,000."[20] Both have pled "Not Guilty" to the violations.[21]

67.     Most recently, Devine, purchased the website joecryan.us to lob attacks at State Senator and former Union County Sheriff Joseph Cryan during the June 2021 primary election.

68.     Indeed, Devine on joecryan.us and his website "njtoday.net", prominently displayed an address of Senator Cryan's family home in Pennsylvania. The website included vivid pictures of Senator Cryan's property and family, and most disturbingly gave detailed directions to readers on how to locate the property and how to identify members of the Cryan family.

69.     These posts violated the spirit of New Jersey's recently enacted "Daniel's Law", N.J.S.A. 2C:20-31.1 which prohibits individuals and businesses from knowingly publishing on the internet, or otherwise making available, the address or unpublished home telephone number of certain public officials and their families.

70.     The websites were temporarily taken down by their host company after complaints regarding their content.

71.     Defendants' most recent attempt to confuse voters with the Deceptive Mailer is no exception to their history of willfully contumacious behavior that violates

---

[20] https://newjerseyglobe.com/governor/squatters-mccormick-devine-face-summonses-for-trespassing-zoning-violations/

[21] https://newjerseyglobe.com/judiciary/mccormick-devine-plead-not-guilty-on-harassment-zoning-violation-charges/

the law – the registration and prominent use of the domain name NJDEMS.com and "Democratic Party" on the Deceptive Mailer is specifically meant to deceive voters into believing that the candidates endorsed on the Deceptive Mailer are actually endorsed by the official state committee (Plaintiff), which maintains njdems.org.

72.     Defendants' attempt to conceal their expenditure, in the form of the Deceptive Mailer by misrepresenting it as being from "the Democratic Party of NJ" and by using an almost identical domain as NJDSC, directly violates the campaign finance disclosure laws, is considered a "crime in the fourth degree." N.J.S.A. 19:44A-21(a), and was initiated with the goal of perpetuating a fraud on the voters of the State of New Jersey.

## COUNT ONE
### (Civil Conspiracy)

73.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-72 as if fully set forth herein.

74.     Defendants acted in concert, and upon information and belief, under an agreement, to commit several unlawful acts – including misrepresenting, concealing, and failing to report their political expenditures in violation of N.J.S.A. 19:44A-21(a), not properly registering with ELEC pursuant to N.J.A.C. 19:25-4.4 or 4.5, and engaging in acts with the intent to defraud and deceive New Jersey voters regarding its affiliation with NJDSC.

75.     Upon information and belief, the Defendants had an agreement to create and distribute the Deceptive Mailer (Exhibit A) with the sole purpose of impersonating Plaintiff and deceiving voters into believing that Plaintiff supports and endorses certain candidates for certain offices which Plaintiff does not in fact support or endorse.

76.     Defendants acted in concert to create and commission the printing and mailing of the Deceptive Mailer with the purpose of influencing voters after mail-in voting has begun and mere days before early voting begins.

77.     Upon information and belief, the Defendants had an agreement amongst themselves to violate the New Jersey campaign finance laws by failing to include in the Deceptive Mailer the mandatory "paid for by" language.

78.     Through this mechanism, Defendants actively concealed who created, paid for, and distributed the Deceptive Mailer in violation of New Jersey campaign finance laws – a "crime in the fourth degree". <u>N.J.S.A.</u> 19:44A-21(a).

79.     Upon information and belief, the Defendants had an agreement to further violate the NJ campaign finance laws by misrepresenting to voters who commissioned, distributed, and paid for the Deceptive Mailer by using an almost identical domain name to Plaintiff (NJDEMS.com versus njdems.org) and stating on the Deceptive Mailer that it was paid for by the "Democratic Party of NJ."

80.     Defendants' overt acts and illegal conduct has harmed Plaintiff, and the voters of New Jersey, but creating confusion surrounding Plaintiff's actual endorsements, and defrauding voters into believing that certain candidates on the Deceptive Mailer are endorsed by Plaintiff.

81.     Plaintiff, as well as the voting residents of New Jersey, will continue to suffer harm unless Defendants are enjoined from distributing further political mailings and enjoined from further using the website NJDEMS.com.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A.  Ordering a preliminary and permanent injunction restraining Defendants from creating and publishing or transmitting any additional political flyers, communications or advertisements which include or imply endorsement or authorization by the NJDSC;

B.  Ordering a preliminary and permanent injunction restraining Defendants from creating and publishing or transmitting any additional political flyers, communications or advertisements which could have the effect of confusing the general public, including voters of the State of New Jersey, as to the origin of such political communication;

C.  Ordering a preliminary and permanent injunction restraining Defendants from creating and publishing or transmitting any additional political flyers, communications or advertisements which contain or identify any Democratic Party candidates for office in the November 2021 General Election without the express written authorization of those specific candidates;

D.  Ordering a preliminary and permanent injunction restraining Defendants from publishing any content on NJDEMS.com that claims affiliation with or authorization of the NJDSC;

E.  Ordering a preliminary and permanent injunction restraining Defendants from redirecting NJDEMS.com to any other website.

F.  Monetary damages in an amount to be determined at trial;

G.      An award of costs and fees for this action; and

H.      Such other relief as this Court deems just and proper.


Dated: October 21, 2021


                                        **GENOVA BURNS LLC**
                                        *Attorneys for Plaintiff*
                                        *The Democratic Party of NJ, Inc.,*
                                        *organized as the New Jersey Democratic*
                                        *State Committee*



                                 By:  */s/ Rajiv D. Parikh*
                                        RAJIV D. PARIKH



                    **<u>DESIGNATION OF TRIAL COUNSEL</u>**

        Pursuant to the provisions of <u>R</u>. 4:25-4 and <u>R</u>. 4:4-1(c), Rajiv D. Parikh, Esq. is

hereby designated as trial counsel on behalf of Plaintiff in this matter.


                    **GENOVA BURNS LLC**
                    *Attorneys for Plaintiff*
                    *The Democratic Party of NJ, Inc.,*
                    *organized as the New Jersey Democratic State Committee*


                                 By: */s/ Rajiv D. Parikh*
                                        RAJIV D. PARIKH


Dated: October 21, 2021

## RULE 4:5-1 CERTIFICATION

The undersigned attorney for Plaintiff, certifies that, to the best of his knowledge and belief, the matter in controversy is not the subject of any other action or arbitration proceeding, and that no other action or arbitration proceeding is contemplated. The undersigned further certifies that, to the best of his knowledge, no other party should be joined in the within action.

/s/ Rajiv D. Parikh
RAJIV D. PARIKH

Dated:  October 21, 2021

## CERTIFICATION PURSUANT TO R. 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule l:38-7(b).

/s/ Rajiv D. Parikh
RAJIV D. PARIKH

Date:   October 21, 2021

20

## <u>VERIFICATION</u>

I, Saily Avelenda, am the Executive Director of the New Jersey Democratic State Committee. I have reviewed the foregoing Verified Complaint and certify that all of the allegations contained therein are true based on my personal knowledge, and that all matters based upon information or belief are made in good faith.  I am aware that if any of the foregoing statements is willfully false, I am subject to punishment.


*/s/ Saily Avelenda*_____
Saily Avelenda

Dated: October 21, 2021

# EXHIBIT A







# EXHIBIT B

Interested in domain names? Click here (http://www.us3.list-manage.com/subscribe?
u=3ed33822580891424c5756387&id=6c90d905a5) to stay up to date with domain name news and promotions at
Name.com

**njdems.com** is already registered. Interested in buying it? **Make an Offer**

(https://domainagents.com/njdems.com-whodot)



| .com | .net | .org | .co |
|------|------|------|-----|
| Taken | Taken | Taken | Taken |

| .io $29.99 | .app $16.99 | .live $2.99 |
|------|------|------|
| Available | Available | Available |

Purchase Selected Domains

# njdems.com
whois information

| Whois (/whois/njdems.com) | DNS Records (/dns/njdems.com) | Diagnostics (/tools/njdems.com) |

cache expires in 17 hours, 14 minutes and 45 seconds
⟳ refresh (/whois/njdems.com?forceRefresh=9db4fa0157f155dcd78a1646f3fe0304151ec6a3012ddb01d233fb10af5a67c9)

## Registrar Info

Name
Domain.com, LLC

Whois Server
whois.domain.com

Referral URL
www.domain.com

Status
ok https://icann.org/epp#ok

## Important Dates

Expires On
2022-03-20

Registered On
2009-03-20

Updated On
2021-09-03

## Name Servers

ns6373.hostgator.com (/nameserver/ns6373.hostgator.com)
192.254.189.215 (/whois-ip/ip-address/192.254.189.215)

ns6374.hostgator.com (/nameserver/ns6374.hostgator.com)
192.254.189.216 (/whois-ip/ip-address/192.254.189.216)

## Similar Domains

njdem.com (/whois/njdem.com) | njdem.org (/whois/njdem.org) | njdemain.com (/whois/njdemain.com) |
njdemanda.com (/whois/njdemanda.com) | njdemarco.net (/whois/njdemarco.net) | njdemei.cn
(/whois/njdemei.cn) | njdemei.com (/whois/njdemei.com) | njdemei.net (/whois/njdemei.net) | njdemeisi.com
(/whois/njdemeisi.com) | njdemen.com (/whois/njdemen.com) | njdementiaguide.com
(/whois/njdementiaguide.com) | njdemo.com (/whois/njdemo.com) | njdemocracy.com
(/whois/njdemocracy.com) | njdemocrat.com (/whois/njdemocrat.com) | njdemocrat.org
(/whois/njdemocrat.org) | njdemocraticfuture.com (/whois/njdemocraticfuture.com) | njdemocrats.com
(/whois/njdemocrats.com) | njdemocrats.org (/whois/njdemocrats.org) | njdemographics.com
(/whois/njdemographics.com) | njdemoke.com (/whois/njdemoke.com) |

## Registrar Data

We will display stored WHOIS data for up to 30 days.

⟳ refresh (/whois/njdems.com?forceRefresh=9db4fa0157f155dcd78a1646f3fe0304151ec6a3012ddb01d233fb10af5a67c9)

🔒 Make Private Now (/whois/privacy/njdems.com)

```
Registrant Contact Information:
Name
REDACTED FOR PRIVACY
Organization
REDACTED FOR PRIVACY
Address
REDACTED FOR PRIVACY
City
REDACTED FOR PRIVACY
State / Province
NJ
Postal Code
REDACTED FOR PRIVACY
Country
US
Phone
REDACTED FOR PRIVACY
```

**Fax**
REDACTED FOR PRIVACY
**Email**
**https://tieredaccess.com/contact/10d4ef72-2287-46d7-b4c9-c7e095ff3c12**

**Administrative Contact Information:**
**Name**
REDACTED FOR PRIVACY
**Organization**
REDACTED FOR PRIVACY
**Address**
REDACTED FOR PRIVACY
**City**
REDACTED FOR PRIVACY
**State / Province**
NJ
**Postal Code**
REDACTED FOR PRIVACY
**Country**
US
**Phone**
REDACTED FOR PRIVACY
**Fax**
REDACTED FOR PRIVACY
**Email**
**https://tieredaccess.com/contact/10d4ef72-2287-46d7-b4c9-c7e095ff3c12**

**Technical Contact Information:**
**Name**
REDACTED FOR PRIVACY
**Organization**
REDACTED FOR PRIVACY
**Address**
REDACTED FOR PRIVACY
**City**
REDACTED FOR PRIVACY
**State / Province**
NJ
**Postal Code**
REDACTED FOR PRIVACY
**Country**
US
**Phone**
REDACTED FOR PRIVACY
**Fax**
REDACTED FOR PRIVACY
**Email**
**https://tieredaccess.com/contact/10d4ef72-2287-46d7-b4c9-c7e095ff3c12**

 Information Updated: 2021-10-21 09:34:03

Use promo code WHOIS to save 15% on your first Name.com order.
(https://www.name.com/redirect/whodotis/sidebar-top)

Find the perfect domain at

**Name.com**

(https://www.name.com/redirect/whodotis/sidebar-top)



(https://www.name.com/redirect/whodotis/sidebar-middle)

UNN-L-003640-21   10/22/2021 12:18:56 AM  Pg 31 of 48 Trans ID: LCV20212459652
Case 2:22-cv-01268   Document 1-1   Filed 03/08/22   Page 60 of 96 PageID: 68

## Site Status

Status
Inactive

Server Type

## Suggested Domains for njdems.com

☐ njd-ems.live

$2.99

☐ njdem.live

$2.99

☐ njd-ems.com

$9.99

☐ njdrescue.com

$9.99

☐ njd-em.com

$9.99

Purchase Selected Domains

Use promo code WHOIS to save 15% on your first Name.com order.
(https://www.name.com/redirect/whodotis/sidebar-bottom)

Find the perfect domain at

Name.com

(https://www.name.com/redirect/whodotis/sidebar-

bottom)

Transfers (https://www.name.com/domain-transfer)    Premium Domains
(https://www.name.com/premium_domains)    Web Hosting (https://www.name.com/purchase/hosting)    Website
Builder (https://www.name.com/website-builder)    Contact Us (/contact)    FAQs (/faq)    Terms of Service (/terms)

# EXHIBIT C



UNN-L-003640-21   10/22/2021 12:18:56 AM  Pg 34 of 48 Trans ID: LCV20212459652
10/21/21, 1:20 PM    Case 2:22-cv-01268   Document 1-1   Filed 03/08/22 Page 63 of 96 PageID: 71

# Lisa McCormick



# Event Organizer

## Any Occasion Organizer

Contact Now

## Let Professionals

# Run your Event!

There are many variations of passages of Lorem Ipsum available, but the majority have suffered alteration in some form, by injected humour, or randomised words which don't look even slightly believable. If you are going to use a passage of Lorem Ipsum, you need to be sure there isn't anything embarrassing hidden in the middle of text. All the Lorem Ipsum generators on the Internet tend to repeat predefined chunks as necessary, making this the first true generator on the Internet.



More Than 300 Events Since 1999

UNN-L-003640-21   10/22/2021 12:18:56 AM  Pg 36 of 48 Trans ID: LCV20212459652
10/21/21, 1:20 PM       Case 2:22-cv-01268   Document 1-1   Filed 03/08/22   Page 65 of 96 PageID: 73

# *Wedding*

## & Special Fuction



---

### Event Decor

Lorem Ipsum has been the industry's standard dummy text ever since the 1500s, when an unknown printer took a galley.

---



---

### Catering

Lorem Ipsum has been the industry's standard dummy text ever since the 1500s, when an unknown printer took a galley.

---

UNN-L-003640-21   10/22/2021 12:18:56 AM  Pg 37 of 48 Trans ID: LCV20212459652



## Venue Scouting

Lorem Ipsum has been the industry's standard dummy text ever since the 1500s, when an unknown printer took a galley.



## Entertainment

Lorem Ipsum has been the industry's standard dummy text ever since the 1500s, when an unknown printer took a galley.

# *Birthday*

## & Personal Parties

Stay Connected With Us to Know More

# *Our Upcoming Events*



## Music Concert

Lorem Ipsum has been the industry's standard dummy text ever since the 1500s.

Know More



UNN-L-003640-21   10/22/2021 12:18:56 AM  Pg 39 of 48 Trans ID: LCV20212459652
Case 2:22-cv-01268   Document 1-1   Filed 03/08/22   Page 68 of 96 PageID: 76



## Supreme Wedding

Lorem Ipsum has been the industry's standard dummy text ever since the 1500s.

Know More





## Music Concert

10/21/21, 1:20 PM                                    lisamccormick.org

Music Concert

Lorem Ipsum has been the industry's standard dummy text ever since the 1500s.

Know More

# *Our Organizer*

## Our Team



Gracie Edward

Lorem Ipsum has been the industry's standard dummy text ever since the 1500s.

10/21/21, 1:20 PM



UNN-L-003640-21   10/22/2021 12:18:56 AM  Pg 43 of 48 Trans ID: LCV20212459652
Case 2:22-cv-01268   Document 1-1   Filed 03/08/22   Page 72 of 96 PageID: 80



## Herman Slater

Lorem Ipsum has been the industry's standard dummy text ever since the 1500s.



Case 2:22-cv-01268 Document 1-1 Filed 03/08/22 Page 73 of 96 PageID: 81
UNN-L-003640-21 10/22/2021 12:18:56 AM Pg 44 of 48 Trans ID: LCV20212459652



### Molly Lucian

Lorem Ipsum has been the industry's standard dummy text ever since the 1500s.



UNN-L-003640-21   10/22/2021 12:18:56 AM  Pg 46 of 48 Trans ID: LCV20212459652
Case 2:22-cv-01268   Document 1-1   Filed 03/08/22   Page 75 of 96 PageID: 83

## Sarah Lowell

Lorem Ipsum has been the industry's standard dummy text ever since the 1500s.

# Lisa McCormick

It is a long established fact that a reader will be distracted by the readable content of a page when looking at its layout. The point of using Lorem Ipsum is that it has a more-or-less normal distribution.

## Call Us

+1234567890

## Address

1, My Address, My Street, New York City, NY, USA

contact@domain.com

## Follow Our Activity

There are many variations of passages of Lorem Ipsum available, but the majority have suffered alteration in some form, by injected humour, or randomised

    

© 2021 Lisa McCormick | PopularFX Theme

UNN-L-003640-21  10/22/2021 12:18:56 AM  Pg 47 of 48 Trans ID: LCV20212459652
Case 2:22-cv-01268  Document 1-1  Filed 03/08/22  Page 76 of 96 PageID: 84

The Wayback Machine - https://web.archive.org/web/20201021215821/http://njdems.com/



**WELCOME TO NJDEMS.COM**
NEW JERSEY'S ONLINE DEMOCRATIC PARTY CONNECTION

Come inside

# CLICK HERE TO RUN FOR OFFICE OR TO GET MORE INFORMATION

### *We are recruiting Democratic candidates for such local offices as mayor, city council or town committee member plus Democratic Party district leaders.*

**Take your government back from the Republicans who betray American values.**

Oops, the page you're looking for was n



Most likely you bookmarked one of o

Please visit our home page if you need furth

Also, it's a good idea to:

Follow us on Twitter
Join our fans on Facebook
Check out our YouTube Channel

Regards,
Trail Blazer Campaign Services

Only when we restore integrity to the political process can we expect the system to work for the people.

This is our chance for change.

**Come inside to read our blog, volunteer or just learn more about us.**



PAID FOR BY NJDEMS.COM

**GENOVA BURNS LLC**
Rajiv D. Parikh, Esq. (032462005)
Matthew Baker, Esq. (053092013)
Thomas L. Bellifemine, Esq. (091392014)
Ryan E. Kotler, Esq. (335322021)
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777
*Attorneys for Plaintiff,*
*The Democratic Party of NJ, Inc., organized*
*as the New Jersey Democratic State Committee*

| | |
|---|---|
| THE DEMOCRATIC PARTY OF NJ, INC., *organized as the* NEW JERSEY DEMOCRATIC STATE COMMITTEE, | SUPERIOR COURT OF NEW JERSEY UNION COUNTY: LAW DIVISION |
| Plaintiff, | Docket No. UNN-L-_____-21 |
| | CIVIL ACTION |
| v. | |
| JAMES DEVINE, LISA MCCORMICK, "NJDEMS.COM", ABC CORPORATION, *a fictitiously named printing company*, JOHN and JANE DOES 1-20, and XYZ CORPORATIONS 1-20, | **ORDER TO SHOW CAUSE FOR TEMPORARY AND PRELIMINARY RESTRAINTS** |
| Defendants. | |

This matter, having come before the Court on application of plaintiff, The Democratic Party of NJ, Inc. *organized as the* New Jersey State Democratic Committee ("NJDSC" or "Plaintiff"), by and through their counsel, Genova Burns, LLC, seeking Temporary and Preliminary Restraints pursuant Rule 4:52-1(a) against defendants, James Devine ("Devine"), Lisa McCormick ("McCormick"), "NJDEMS.Com", ABC Corporation, *a fictitiously named printing company*, John and Jane Does 1-20, and XYZ Corporations 1-20 (collectively "Defendants"); and

based on the Verified Complaint and Supporting Brief; and the arguments of counsel; and for good cause shown,

      **IT IS**, on this _____ day of October, 2021, **ORDERED** as follows:

      Defendants shall appear and show cause before the Superior Court of New Jersey, Law Division, _____, on the day of \_\_\_\_\_ , 2021, at \_\_o'clock am / pm, or as soon thereafter as counsel can be heard why an Order should not be issued preliminarily enjoining and restraining the Defendants:

    A.  From creating and publishing or transmitting any additional political flyers, communications or advertisements which include or imply endorsement or authorization by the NJDSC;

    B.  From creating and publishing or transmitting any additional political flyers, communications or advertisements which could have the effect of confusing the general public, including voters of the State of New Jersey, as to the origin of such political communication;

    C.  From creating and publishing or transmitting any additional political flyers, communications or advertisements which contain or identify any Democratic Party candidates for office in the November 2021 General Election without the express written authorization of those specific candidates;

    D.  From publishing any content on NJDEMS.com that claims affiliation with or authorization of the NJDSC; and

    E.  From redirecting NJDEMS.com to any other website.

and it is further,

**ORDERED** that pending the return date herein, Defendants are hereby **TEMPORARILY RESTRAINED and ENJOINED** from:

A. From creating and publishing or transmitting any political flyers, communications or advertisements which include or imply endorsement or authorization by the NJDSC;

B. From creating and publishing or transmitting any additional political flyers, communications or advertisements which could have the effect of confusing the general public, including voters of the State of New Jersey, as to the origin of such political communication;

C. From creating and publishing or transmitting any additional political flyers, communications or advertisements which contain or identify any Democratic Party candidates for office in the November 2021 General Election without the express written authorization of those specific candidates;

and it is further

**ORDERED** that pending the return date herein, the domain hosting company for NJDEMS.com, is **IMMEDIATELY ORDERED TO REMOVE ANY CONTENT OR REDIRECTION OF NJDEMS.COM** until further order of this Court; and it is further

**ORDERED** that Plaintiff's request for **EXPEDITED DISCOVERY is HEREBY GRANTED**, and Plaintiff shall be permitted to issue subpoenas returnable within three (3) days from service, conduct depositions on three (3) days notice, and serve document requests requiring responses within three (3) days of service, to:  (a) identify the publishing company responsible for the mailer at issue, (b) identify of all owners of NJDEMS.com, (c) obtain any discovery regarding the content, creation, modification or alteration of NJDEMS.com, (d)  identify the source of funds used to disseminate the mailer, (e) obtain documents and information relevant to the creation of

the mailer from any person, including but not limited to those whose name, image or likeness appears on the mailer, and (f) obtain any other discoverable material that is reasonably calculated to discovery evidence related to the emergent relief sought herein; and it is further

**ORDERED** that:

1.      A copy of this Order to Show Cause, Verified Complaint, and Brief shall be served on Defendants or their attorney, either personally at their last known business address, or by electronic and regular mail, or personal service, no later than _____ days of receipt of this Order to Show cause by counsel, in accordance with R. 4:4-3 and R 4:4-4, this being original process.

2.      Plaintiffs must file with the Court their proof of service of the pleadings on Defendants no later than three days (3) days before the return date.

3.      Defendants shall file and serve a written response to this Order to Show Cause by _____, 2021. The responsive papers must be filed with the Clerk of the Superior Court, Union County. A directory of these offices is available in the Civil Division Management Office in the county listed above and online at njcourts.gov/forms/10153_deptyclerklawref.pdf. You must send a copy of your opposition papers     directly     to     Judge     _____,     whose     address     is _____, New Jersey. You must also send a copy of your opposition papers to the plaintiff's attorney whose name and address appears above. A telephone call will not protect your rights; you must file your opposition and pay the required fee of $ _____ and serve your opposition on your adversary, if you want the court to hear your opposition to the injunctive relief the plaintiff is seeking.

4.      The plaintiff must file and serve any written reply to the defendant's order to show cause opposition by _____, 2021. The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent directly to the chambers of the Judge identified above.

5.      If Defendants do not file and serve opposition to this Order to Show Cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that Plaintiffs file a proof of service and a proposed form of Order at least three (3) days prior to the return date.

6.      If Plaintiffs have not already done so, a proposed form of order addressing the relief sought on the return date must be submitted to the Court no later than three (3) days before the return date.

7.      Defendants, take notice that Plaintiffs have filed a lawsuit against you in the Superior Court of New Jersey. The Verified Complaint attached to this Order to Show Cause states the basis of the lawsuit. If you dispute this Complaint, you, or your attorney, must file a written answer, an answering affidavit or a motion returnable on the return date to the order to show cause and proof of service before the return date of the order to show cause. These documents must be filed with the Clerk of the Superior Court in the county listed above. A director of these offices is available in the Civil Division Management Office      in      the      county      listed      above      and      online      at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.  Include  a  $175.00 filing fee payable to the "Treasury State of New Jersey". You must also send a copy of your answer, answering affidavit or motion to the plaintiff's attorney whose name and address appear above. A telephone call will not protect your rights; you must file and serve

your answer, answering affidavit or motion with the fee, or judgment may be entered against you by default.

       8.    If you cannot afford an attorney, you may call the Legal Services office in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNY-LAW (1888-576-5529). If you do not have an attorney and are not eligible for free legal assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A Director with contact information for your local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

       9.    The Court will entertain argument, but not testimony, on the return date of the Order to Show Cause, unless the Court and the parties are advised to the contrary no later than days before the return date.

                                                 _____

                                                       J.S.C.

15302634v1 (23029.005)



Genova Burns LLC
494 Broad Street, Newark, NJ 07102
**Tel:** 973.533.0777  **Fax:** 973.533.1112
**Web:** www.genovaburns.com

Rajiv D. Parikh, Esq.
Partner
Member of NJ and NY Bars
rparikh@genovaburns.com
Direct: 973-535-4446

October 21, 2021

<u>**VIA eCourts**</u>
Hon. Judge of the Superior Court
Union County Superior Court
Union County Courthouse
2 Broad Street
Elizabeth, New Jersey 07207

> Re:   **The Democratic Party of NJ, Inc.,** *organized as the*
> **New Jersey Democratic State Committee v. James Devine, et al.**
> **Docket No. UNN-L-[              ]-21**

Your Honor:

This firm represents plaintiff, New Jersey Democratic State Committee ("Plaintiff"). Please accept this letter in lieu of a more formal brief in support of Plaintiff's Application for an Order to Show Cause ("Application") seeking Temporary and Preliminary Restraints pursuant <u>Rule</u> 4:52-1(a).

Plaintiff, by this emergent application, seeks to immediately enjoin: (1) the continued dissemination of a Deceptive Mailer (as defined below) that was transmitted throughout the Borough of Roselle on or about October 20, 2021; and (2) other similar political communications that are being improperly and falsely attributed to the New Jersey Democratic Party.  With in-person early voting starting this Saturday, October 23, 2021, such tactics to confuse voters and potentially sow distrust in New Jersey's election and campaign finance processes on the eve of

Newark, NJ  •  New York, NY  •  Camden, NJ  •  Red Bank, NJ  •  Philadelphia, PA  •  Jersey City, NJ  •  Washington, DC



October 21, 2021
Hon. Judge of the Superior Court
Page 2

statewide elections should not be countenanced. As set forth below, nothing less than the issuance

of narrowly tailored temporary restraints pending a preliminary injunction hearing will prevent

further irreparable injury to the NJDSC and the voters of New Jersey.

## STATEMENT OF FACTS

In support of the instant Application, Plaintiff will rely upon, and herby incorporates by

reference, the sworn facts set forth in the Verified Complaint ("Complaint") filed herewith.[1]

## ARGUMENT

### PLAINTIFF IS ENTITLED TO TEMPORARY RESTRAINTS AND A PRELIMINARY INJUNCTION ENJOINING DEFENDANTS FROM CONTINUING THEIR DECEPTIVE AND MISLEADING COMMUNICATIONS TO POTENTIAL VOTERS REGARDING THE 2021 ELECTION

The Complaint establishes that Defendants have engaged in an ongoing civil conspiracy to

violate campaign finance laws and seeks an Order temporarily and preliminarily enjoining

Defendants from continuing to make misleading and confusing representations to voters via

unsolicited mailings which purport to be (but are not) endorsed by the "New Jersey Democratic

Party," and which direct recipients of the mailing to "NJDEMS.com", a website owned and

operated by Defendants and with a domain name virtually identical to that of Plaintiff's njdems.org.

As Plaintiff's Complaint sets forth in detail, these recent mailings represent the latest effort by

Defendants to skirt various campaign finance and other election-related laws, which are meant to

protect the quality and integrity of New Jersey's elections, provide transparency to the electoral

process to the public and certain of which have significant civil and criminal penalties.  Plaintiff

---

[1] All references to "Ex." refer to the exhibits attached to the Complaint unless otherwise noted.



October 21, 2021
Hon. Judge of the Superior Court
Page 3

seeks to temporarily and immediately enjoin Defendants from making any such further communications falsely attributed to the NJDSC related to the November 2021 election in our State, until this Court can convene a hearing regarding Plaintiffs' entitlement to a similar continuing preliminary injunction against Defendants for the duration of this action.[2]

In order to obtain this temporary and preliminary relief, Plaintiff must show that: (1) the injunctive relief is necessary to prevent irreparable harm; (2) there is a reasonable probability of success on the merits of Plaintiff's underlying legal claims; (3) the legal rights underlying Plaintiff's claims are settled; and (4) the balance of harms favors the granting of injunctive relief. Crowe v. DeGioia, 90 N.J. 126, 132-36 (1982). Plaintiff can demonstrate each of these factors and the Court should grant its requested relief.

I.      **Plaintiff Has Been, and Will Continue to Be, Irreparably Harmed Absent an Order Enjoining Defendants from Continuing to Mislead and Confuse Voters on the Eve of the In-Person Voting.**

Here, Plaintiff has suffered, and will continue to suffer substantial, immediate, and irreparable harm absent the requested injunctive relief. The United States Supreme Court has made clear that the states have an undeniable interest in the integrity of their electoral processes, which includes ensuring that voters are not misled or confused as to which party a candidate for political office is associated with. See Nader v. Schaffer, 417 F. Supp. 837, 845 (D. Conn.) ("This includes preserving parties as viable and identifiable interest groups; insuring that

---

[2] Plaintiff first learned of the Deceptive Mailer on October 20, 2021, when it was delivered to voters in Union County. Plaintiff, through counsel, immediately began to investigate this issue and put together this emergent application. As such, and given the necessarily urgent nature of this application in light of the start of in-person early voting on October 23, 2021, Plaintiff expressly reserves the right to seek to amend its Complaint as this action proceeds and the full extent of potential claims Plaintiff may have against Defendants becomes more apparent.



October 21, 2021
Hon. Judge of the Superior Court
Page 4

[election] results[,] . . . in a broad sense, accurately reflect the voting of party members."),

aff'd, 429 U.S. 989 (1976).  New Jersey's interest in protecting the integrity of its elections finds

its most robust expression in the complex statutory and regulatory framework erected within and

upon Title 19 of the New Jersey Statutes ("Title 19") to manage and facilitate elections in this

state, and which includes, but is in no way limited to, creation of a state agency – the New Jersey

Election Law Enforcement Commission ("ELEC") – expressly tasked with monitoring campaign

and election financing, disclosures, and expenditures.  See N.J.S.A. 19:44A-6(b).

An important aspect of Title 19's framework is located in N.J.S.A. 19:5-4, which

confirms that a political party in New Jersey can form *one* statutorily-recognized state committee.

See id.; see also N.J.S.A. 19:5-3 (permitting *one* statutorily-recognized county committee for

each party).  And accordingly, courts have not hesitated to prevent other groups and individuals

from using names or marks that could be confused with those used by the official party.  See

Rumana v. Passaic Cnty. Republican Organization, Inc., No. C-49-09, 2009 WL 5873639 (Ch.

Div., Apr. 24, 2009) (enjoining the defendants from using the slogan "Passaic County

Republican Organization, Inc."); Burlington Cnty. Republican Organization v. Carr, OAL Dkt.

Nos. ATG 2362-01 and ATG 2368-01, 2001 WL 566182 (OAL May 7, 2001) (enjoining

respondents from using slogan "Burlington County GOP"); Zimmer 2000 Campaign v. Pappas,

OAL Dkt. No. ATG 2616-00, 2000 WL 502252 (OAL Apr. 19, 2000) (enjoining the respondents

from use of the slogan "County Republican Committee" prefaced by the appropriate county



GENOVA
BURNS
ATTORNEYS-AT-LAW

October 21, 2021
Hon. Judge of the Superior Court
Page 5

because "[t]he average voter seeing this slogan . . . would be confused as to its meaning and its use implies that the candidate has the official endorsement of the County Republican Committee"); <u>Union Cnty. Democratic Committee, Inc. v. Union Cnty. Democratic Committee, Inc.</u>, No. L-001865-00 (Law Div. Apr. 18, 2000).

Here, Plaintiff is the statutorily-recognized state committee of the Democratic Party in New Jersey. Defendants, now less than two weeks before the 2021 general election, have sent unsolicited mailings which purport to be from the "New Jersey Democratic Party," with 'endorsements' of NJDSC candidates such as the Governor and Lt. Governor, and which direct recipients of the mailing to "NJDEMS.com", a website owned and operated by one or more of the Defendants and with a domain name virtually identical to that of Plaintiff, njdems.org. In the absence of an Order enjoining Defendants from continuing to deceive and confuse voters on the eve of the upcoming election by way of their misleading communications concerning the State Democratic Party's endorsement of certain candidates—in direct and blatant violation of state campaign finance laws designed specifically to prevent such confusion—voters who receive Defendants' mailers or visit the NJDEMS.com site referenced in the mailers may cast their ballots based on the misapprehension that the candidates endorsed in the mailers are *actually* endorsed by Plaintiff—the statutorily-recognized state committee of the Democratic Party in New Jersey. As a result of this confusion, the candidates lawfully endorsed by Plaintiff pursuant to statute would lose an *unquantifiable* number of votes they would have otherwise received in the



GENOVA
BURNS
ATTORNEYS-AT-LAW

October 21, 2021
Hon. Judge of the Superior Court
Page 6

absence of such confusion, unquestionably compromising the fairness and integrity of this election and constituting harm to Plaintiff which cannot be rectified by any means other than the requested preliminary injunction.   Under such circumstances, it is undeniable that the harm certain to befall Plaintiff in the absence of judicial intervention is substantial, immediate, and irreparable.   See Crowe, 90 N.J. at 133 (explaining that an injury is traditionally considered irreparable if monetary damages are inadequate to remedy the harm).

II.     **The Legal Rights Underlying Plaintiff's Conspiracy Claim Are Settled, and Plaintiff Has a Reasonable Probability of Success on the Merits of the Claim Because It is Undeniable that At Least Two Defendants Clearly Acted in Concert to Violate Multiple Campaign Finance Laws, Thereby Harming Plaintiff.**

Under New Jersey law, a civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means[.]" Banco Popular N. Am. v. Gandi, 184 N.J. 161, 177 (2005) (quotation omitted).   The principal element of such a conspiracy is "an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." Ibid. (quotation omitted). However, the "gist" of the claim is the "underlying wrong which, absent the conspiracy, would give a right of action." Morgan v. Union Cnty. Bd. of Chosen Freeholders, 268 N.J. Super. 337, 364 (App. Div. 1993) (quoting Bd. of Educ. v. Hoek, 38 N.J. 213, 238 (1962)), certif. denied, 135 N.J. 468 (1994.  "In order to prove the existence of such a conspiracy, [a] plaintiff [is] not required to provide direct evidence of the agreement between the conspirators." Ibid.



October 21, 2021
Hon. Judge of the Superior Court
Page 7

Rather, "it simply must be shown that there was 'a single plan, the essential nature and general scope of which [was] known to each person who is to be held responsible for its consequences.'" Id. at 365 (quoting Hampton v. Hanrahan, 600 F.2d 600, 621 (7th Cir. 1979), rev'd on other grounds, 446 U.S. 754 (1980)).  Here, it is abundantly clear that—at the very least—defendants James Devine ("Devine") and Lisa McCormick ("McCormick") have agreed between themselves to embark on a campaign of conduct that was in blatant violation of the campaign finance laws of this state, and which resulted in direct harm to Plaintiff, Plaintiff's candidates seeking election in the upcoming 2021 general election, the New Jersey Democratic Party as a whole, and the voters who received the mailings at issue or visited NJDEMS.com.  And it is equally clear that this scheme, which relief upon the mass distribution of a sophisticated mailer directing its recipients to the defendant NJDEMS.com site and purposefully meant to be indistinguishable from those distributed by Plaintiff in the run-up to a general election, could not have been accomplished by Devine and McCormick alone, and necessarily had to also involve other individuals and entities – including at least one printing or document services company – to fund and distribute the intentionally deceptive mailer at issue here.

Plaintiff is the committee authorized to represent the Democratic party.  NJDEMS.com— operated by Defendants—is a non-party committee entity which, by virtue of its creation and dissemination of mailers supporting certain candidates in the upcoming elections, made independent campaign expenditures in connection with same.  However, for Defendants or



GENOVA
BURNS
ATTORNEYS-AT-LAW

October 21, 2021
Hon. Judge of the Superior Court
Page 8

NJDEMS.com to legally undertake this independent campaign funding, they were required to file pre-election reports with the New Jersey Election Law Enforcement Commission ("ELEC") disclosing the details of their funding.  The eleven-day pre-election reporting period pertinent to this matter concluded on October 19, 2021, and the mailers at issue arrived in voters' mailboxes on October 20, 2021.  Under these circumstances, it appears clear that Defendants financed the expenditures in connection with the mailers during this eleven-day pre-election reporting period.  However, even if NJDEMS.com somehow made its expenditures, created the mailers, and deposited them in voters' mailboxes on the same day, October 20—a highly unlikely proposition—those expenditures nonetheless required reporting on a forty-eight-hour notice basis.  See N.J.A.C. 19:25-12.8 and 12.8A.  Notwithstanding these requirements, neither Defendants nor NJDEMS.com have filed *any* reports disclosing the details of this independent campaign financing, rendering their activities in blatant violation of state election laws.

Moreover, state law required Defendants' mailers to include certain "Paid for By" verbiage to make clear to the voting public the identity of the entity funding the advertisement.  See N.J.A.C. 19:25-13.2 to -13.3.  Specifically, Defendants' advertisement—which is the product of independent expenditures—was required to:

> [C]learly state the name and business or residence address of the committee, person or group, as that information appears on the certificate of organization and designation of depository . . . filed by the candidate committee, joint candidates committee, political committee, continuing political committee, political party



October 21, 2021
Hon. Judge of the Superior Court
Page 9

> committee, or legislative leadership committee or, in the case of a
> person or group, as the name of the person or group and business
> or residence address appears in public records or a current
> telephone directory, and the communication shall clearly state that
> the communication has been paid for by that committee, person or
> group.

N.J.A.C. 19:25-13.2. Defendants' mailer was also required to "contain a *clear and conspicuous* statement that the expenditure was not made with the cooperation or prior consent of, or in consultation with or at the request or suggestion of, any candidate, or any person or committee acting on behalf of any candidate." N.J.A.C. 19:25-13.3. Despite these clear and unambiguous requirements implemented to protect the integrity of the election process in this state by making voters aware of the identities of parties paying for these advertisements, Defendants' mailers contained *none* of this required information, and any identifying information was demonstrably false.

In light of Devine and McCormick's more than *fifteen-year* history of unscrupulous, deceptive, and unethical practices in connection with elections in this state—including, in quite similar fashion to the instant matter, misleading voters by creating unreputable and misleading websites, submitting fraudulent nomination petitions, propagating fake e-mail endorsements of candidates for public office, and failing to disclose campaign donations and expenditures in violation of New Jersey and federal law, *which ultimately gave rise to the imposition of a $120,000 fine against them for their actions*, (see Compl. ¶ 53)—there is simply no argument to



October 21, 2021
Hon. Judge of the Superior Court
Page 10

be made that Devine and McCormick were not fully aware of their blatant campaign violations
in this instance, which they clearly agreed to undertake in tandem.  Further, to execute their
strategy of imitation and deception, Devine and McCormick, upon information and belief,
employed the services of other individuals and companies, including, but not limited to, at least
one printing or document services company to print the deceptive and misrepresentative mailer
that directs its recipients to NJDEMS.com – *Devine and McCormick's* website.  As such,
Plaintiff's claim for civil conspiracy against Defendants is far beyond likely to succeed on the
merits, see Morgan, 268 N.J. Super. at 365, and this factor weighs heavily in favor of the Court
granting Plaintiff's requested injunctive relief, see Crowe, 90 N.J. at 132-36.

### III.  The Balance of the Equities Weighs Entirely in Favor of the Court Granting Plaintiff's Request for a Preliminary Injunction.

In light of the circumstances outlined in detail above, it is beyond contravention that the
balance of the equities weighs entirely in favor of the Court granting Plaintiff's requested
preliminary relief.  See ibid.  Defendants' mailers, which direct recipients to NJDEMS.com,
were created and distributed in blatant and intentional violation of the campaign finance laws of
this state.  Thus, there is simply no harm which would befall Defendants from the Court granting
Plaintiff's request to enjoin them from continuing to illegally mislead voters pending the outcome
of the litigation.  However, in the absence of judicial intervention, Plaintiff will suffer
indisputable, immediate, and irreparable harm by way of voter confusion in the upcoming



October 21, 2021
Hon. Judge of the Superior Court
Page 11

election.  Under these circumstances, Plaintiff has clearly satisfied its final burden to warrant

the requested injunctive relief.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its

Application and enter an Order enjoining Defendants from continuing their deceptive and illegal

activities in connection with the upcoming election.


Respectfully submitted,

**GENOVA BURNS LLC**

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

RDP/MB/REK
c:      Clerk, Chancery Division, Union County Superior Court. (via eCourts)
        Matthew I. W. Baker, Esq. (via electronic mail)
        Saily Avelenda, Executive Director (via electronic mail)

# Civil Case Information Statement

## Case Details: UNION | Civil Part Docket# L-003640-21

**Case Caption:** THE DEMOCRATIC PARTY  OF NJ  VS
DEVINE JAMES

**Case Initiation Date:** 10/22/2021

**Attorney Name:** RAJIV D PARIKH

**Firm Name:** GENOVA BURNS LLC

**Address:** 494 BROAD ST 6TH FL
NEWARK NJ 07102

**Phone:** 9735330777

**Name of Party:** PLAINTIFF : The Democratic Party of NJ

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** OTHER Election Law

**Document Type:** NJ eCourts Case Initiation Confirmation

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: The Democratic Party of NJ?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
Emergent application with temporary restraints seeking to enjoin improper activity resulting in voter confusion on the eve of the commencement of in-person early voting on October 24, 2021.

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/22/2021
Dated

/s/ RAJIV D PARIKH
Signed